IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARI BAILEY, *

Petitioner *

v * Civil Action No. RDB-16-2525

WARDEN DAVID J. EBBERT, *et al.*, *

Respondent *

\*\*\*\*\*\*\*

## MEMORANDUM

Petitioner Ali Bailey, a federal inmate currently confined at the United States Penitentiary located in Lewisburg, Pennsylvania, filed a "Petition for Writ of Error" alleging his right to a speedy trial has been violated as he has not been tried for warrant #855845B6 issued by the Baltimore City Police Department (BCPD) in October of 1993 and executed on January 6, 1994. ECF 1. The pleading was construed as Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241[1] (ECF 1 & 3) and Bailey was directed to supplement the filing by indicating whether the detainer he challenged was for an untried indictment and whether he had sought relief under the Interstate Agreement on Detainers Act ("IAD"). ECF 3.

Bailey filed a supplemental petition acknowledging that the detainer is a warrant and that he has not pursued his claims under the IAD or in any State of Maryland court. ECF 4, pp. 2-3. Bailey requests an order dismissing the warrant filed by the BCPD and dismissing the detainer. ECF 1, p. 6; ECF 4, p. 8. Respondents move to dismiss the petition on the basis that Bailey failed

---

[1] Bailey titled his case as one brought pursuant to 28 U.S.C. §1651(a), the All Writs Act. The Act permits "courts established by Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. §1651(a). The Act is a "residual source of authority to issue writs" not otherwise covered by statute. *Carlisle v. United States*, 517 U.S. 416, 428 (1996). The Act does not confer jurisdiction. Instead, "a court's power to issue any form of relief ... is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 991 (2009). The nature of the relief sought is Bailey's Petition is incongruous to the caption given by him. As such, the Court construed the Petition, filed by a federal inmate, challenging a state detainer, as filed pursuant to 28 U.S.C. § 2241.

1

to exhaust his available administrative and state court remedies. ECF 21 & 23. For the reasons that follow the Petition shall be DISMISSED without prejudice.[2]

**Analysis**

Subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where a petitioner is incarcerated or in the federal district court where a petitioner's custodian is located. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Bailey is confined in Lewisburg, Pennsylvania, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden at the United States Penitentiary-Lewisburg. Therefore, this Court finds that jurisdiction of the instant action lies in Pennsylvania, not in Maryland.

The Court notes that Bailey has failed to exhaust his administrative and state court remedies. Bailey is advised that the IAD allows a prisoner incarcerated in one state the right to demand the disposition of any untried indictment, information or complaint that is the basis of a detainer lodged against him by another state. *Carchman v. Nash*, 473 U.S. 716, 718-19 (1985). When a detainer is lodged against a prisoner, he may make a formal request for disposition of the charges, and if not brought to trial within a specified time after the filing of the request for disposition, the charges may be dismissed by the court in which they are pending. *Id.* at 720-721.

Additionally, a petitioner seeking relief under § 2241 must first exhaust available state court remedies. *See Braden*, 410 U.S. at 490-91. In cases involving detainers for untried criminal charges this means, at a minimum, a) making a formal request for disposition under either the IAD or Intrastate Detainer Act; 2) if not brought to trial within the specified time,

---

[2] Petitioner filed a Motion or Judgment of Acquittal (ECF 14) invoking the federal five-year statute of limitations for trial of non-capital offenses. As Bailey challenges a state court proceeding, his motion shall be denied.

filing a motion to dismiss in the state court proceedings; and 3) if an appeal is allowed by state law of the ruling on the motion to dismiss, appealing that decision to the highest state court with jurisdiction to hear the appeal. *See Dunlap v. 230 District Court*, 701 F. Supp. 752, 753 (D. Nev. 1988) (petitioner seeking dismissal of charges for violation of IAD must first exhaust state court remedies); *Brown v. Keohane*, 475 F. Supp. 943 (E.D. Va. 1979). Here Bailey failed to challenge the detainer via the IAD (ECF 21, Ex. 2) and failed to challenge the warrant or detainer in state court. ECF 21, Ex. 1.

For the foregoing reasons, the Petition shall be dismissed without prejudice.

August 31, 2017
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE